## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILBUR H. BICKHAM | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 10-2761 |
| | * | |
| ATP OIL & GAS CORP. | * | SECTION "L"(5) |

## ORDER & REASONS

Before the Court are two motions for summary judgment: (1) defendant ATP Oil and Gas Corp.'s ("ATP") Motion for Summary Judgment on the issues of Illinois National Insurance Co.'s ("Illinois") claims in intervention (R. Doc. 25); and (2) Plaintiff Wilbur H. Bickham's Motion for Summary Judgment against Illinois (R. Doc. 26). Plaintiff's Motion adopts that of ATP. *See id.* The Court has considered the briefing submitted by the parties, as well as the relevant facts and applicable law, and is now ready to rule. For the following reasons, IT IS ORDERED that both motions for summary judgment are GRANTED IN PART and DENIED IN PART.

## I.      BACKGROUND

This case arises out of alleged injuries sustained while working on an offshore platform. On or about August 25, 2009, Plaintiff was employed as a b-operator by a third-party, Baker/MO Services, Inc. ("Baker"), who in turn was contracted to work for ATP on the Ship Shoal 358 ("SS358") Field on the Outer Continental Shelf, off the coast of Louisiana. On this date, Plaintiff was performing his assigned duties on one of the platforms located in SS358, during which Plaintiff alleges he, suddenly and without warning, slipped-and-fell while descending stairs, causing him to sustain injuries to his knee, lower back, and opposite leg. Plaintiff alleges his accident was the result of fatigue from working an excessive number of

hours and lack of adequate lighting.

On August 17, 2010, Plaintiff filed a Complaint alleging claims against ATP pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.* ("OCSLA"). These claims include failure to: provide a safe workplace, exercise reasonable care in discovering and correcting any unsafe conditions, provide Plaintiff with proper equipment and/or personnel to perform his job, warn, properly inspect maintain, and repair the premises and equipment, as well as strict and/or premises liability, breach of the duty of reasonable care, and other acts of negligence. Plaintiff further alleges he suffered serious injuries as a result of the incident and seeks damages for past and present medical care, mental anguish, and disability. Plaintiff denies any negligence on his own behalf.

ATP filed an Answer, denying liability and raising a number of affirmative defenses. ATP also filed a jury trial demand.

Illinois filed a Complaint of Intervention as the workers' compensation insurance carrier of Baker. Illinois alleges it has paid Plaintiff benefits and medical expenses under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), which are continuing, and seeks to enforce a compensation lien on any recovery in this matter.

## II.      PRESENT MOTIONS

### A.            ATP & Plaintiff's Motions

As noted above, both ATP and Plaintiff have filed motions for summary judgment seeking dismissal of Illinois' intervention claims. Because Plaintiff adopts ATP's arguments, the Court will address the arguments raised by ATP. As a threshold matter, ATP claims Louisiana law governs the present dispute, applying by virtue of the Outer Continental Shelf Lands Act

("OCSLA"), 43 U.S.C. § 1331, *et seq*. ATP then argues that because Illinois waived its right of subrogation against ATP in the Master Services Agreement ("MSA"), it has no legal right to recover any benefits it has paid to or on behalf of Plaintiff. According to ATP, the "central and critical issue" is then whether the Louisiana Oilfield Anti-Indemnity Act ("LOAIA") operates to void this waiver. Relying upon *Fontenot v. Chevron U.S.A., Inc*., 95-1425 (La. 7/2/96); 676 So. 2d 557, and *Hudson v. Forest Oil Corp*., 372 F.3d 742, 745 (5th Cir. 2004), ATP argues that LOAIA does not void the waiver.

### B.      Illinois' Response

Illinois filed a Response in opposition to the motions for summary judgment. (R. Doc. 28). Illinois argues that *Fontenot* and *Hudson*, relied upon by the movants, are factually distinguishable because here, ATP has already attempted to enforce the indemnity provisions in the MSA, rendering the waiver null and void under the LOAIA.

Additionally, Illinois argues that irrespective of the application of LOAIA, the LHWCA, specifically provisions 33(g) and 33(f), provide it with rights which will be diminished if the Court dismisses the intervention. These rights are for approval of any settlement and for credit of any net amount received by the employee in a third-party action. Illinois cites in support *Petroleum Helicopters, Inc. v. Collier*, 784 F.2d 644 (5th Cir. 1986).

### C.      ATP's Reply

ATP filed a Reply in further support of summary judgment. (R. Doc. 31). ATP claims that its letter to Baker seeking defense and indemnification does not void the waiver of subrogation, noting that in *Hudson*, two similar demand letters were sent yet the Court upheld the waiver. Additionally, ATP claims enforcement of the waiver is appropriate because despite

sending the demand letter to Baker, it has not relied upon the indemnification clause in the MSA and has defended the suit on its own.

III.     LAW & ANALYSIS

      A.          Standard of Review

        A district court can grant a motion for summary judgment only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law."  *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

        "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995)(citing Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion.  *See Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (internal citations omitted).

B.          **Applicable Law**

As a threshold matter, the Court must determine the laws applicable to the present dispute. ATP argues Louisiana law applies by virtue of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*.; no other party objects to this suggestion.

State law applies as surrogate federal law under OCSLA if the following three conditions are met, "(1) The controversy must arise on a situs covered by OCSLA (i.e. the subsoil seabed, or artificial structures permanently or temporarily attached thereto). (2) Federal maritime law must not apply of its own force. (3) The state law must not be inconsistent with Federal law." *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 783 (5th Cir. 2009)(quoting *Union Tex. Petroleum Corp. v. PLT Eng'g, Inc*., 895 F.2d 1043, 1047 (5th Cir. 1990)). Here, Plaintiff alleges he was injured while working on SS322, a production platform attached to the seabed of the Gulf of Mexico, on the Outer Continental Shelf of the United States, off the coast of Louisiana. Additionally, there are no facts to suggest federal maritime law would apply or that state law would be inconsistent with federal law. Thus, OCSLA applies and the applicable state law is that of Louisiana, because Louisiana is the state adjacent to where Plaintiff was injured on the platform. *See Gulf Offshore Co. v. Mobil Oil Corp*., 453 U.S. 473, 481 (1981); *see also Bartholomew v. CNG Producing Co.*, 832 F.2d 326, 328 (5th Cir. 1987).

For essentially the same reasons OCSLA is applicable, the Longshore and Harbor Workers' Compensation Act ("LHWCA") applies, governing workers' compensation rights and obligations. *See* 42 U.S.C. § 1333(b). The LHWCA requires the employer to pay compensation to its injured employees irrespective of fault. *See id*. at § 904. "Where the employee is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier

shall be subrogated to all the rights of the employer [under the LHWCA]." *Id*. at § 933.  Illinois'

subrogation and other rights under the LHWCA are at issue in the present motions.

<strong>C.          Waiver of Subrogation & the LOAIA</strong>

As noted above, the parties dispute the enforceability of Illinois' waiver of

subrogation in the workers' compensation insurance policy it issued to Baker.  Whether this

waiver is enforceable turns on the application of the LOAIA.

The MSA requires Baker to carry workers' compensation insurance with coverage

against liabilities under the LHWCA and OCSLA, as well as, "a waiver of subrogation with

regard to [ATP] as to Statutory Benefits and Coverage B, Employer's Liability Insurance."  (R.

Doc. 25-2, p.29).  Accordingly, the Illinois policy contains the following Waiver of our Right to

Recover From Others Endorsement, "[w]e have the right to recover our payments from anyone

liable for an injury covered by this policy.  We will not enforce our right against the person or

organization named in the Schedule.  This agreement applies only to the extent that you perform

work under a written contract that requires you to obtain this agreement from us."  (R. Doc. 25-

1, p.26).  The Schedule includes "any person or organization to whom you become obligated to

waive your rights of recovery against under any contract or agreement you enter into prior to the

occurrence of loss."  *Id.*

Based upon the plain language of these provisions, Illinois has waived its right to

subrogation.  However, the Court's inquiry is not over; as the parties note, the Court must

consider whether the LOAIA operates to invalidate this waiver.

Because Louisiana law is applicable by virtue of OCSLA, the LOAIA is invoked.

The parties do not dispute that LOAIA applies generally to the present matter; the Court agrees

-6-

since the MSA entered into by ATP and Baker pertains to hydrocarbon exploration,

development, production and transportation, *see* (R. Doc. 25-2).  *See Fontenot*, 95-1425; 676 So.

2d at 564.  Further, LOAIA also applies to the Illinois policy since it is collateral to the MSA.

*See id.* (citing *Babineaux v. McBroom Rig Bldg. Serv., Inc.*, 806 F.2d 1282, 1284 (5th Cir. 1987).

> The LOAIA provides,
>
> A. The legislature finds that an inequity is foisted on certain contractors and their employees by the defense or indemnity provisions, either or both, contained in some agreements pertaining to wells for oil, gas, or water, or drilling for materials which occur in solid, liquid, gaseous, or other state, to the extent those provisions apply to death or bodily injury to persons.  It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.  La. Rev. Stat. § 9:2780.

The Louisiana Supreme Court has characterized the purpose of the LOAIA as "to protect certain

contractors...from being forced through indemnity provisions to bear the risk of their principals'

negligence....This is an exception to general Louisiana contract law that allows a principal to be

indemnified against his own negligence so long as that intent is clearly expressed."  *Rodrigue v.*

*Legros*, 563 So. 2d 248, 254 (La. 1990).  The Court recognizes that the LOAIA "arose out of a

concern about the unequal bargaining power of oil companies and contractors and was an

attempt to avoid adhesionary contracts under which contractors would have no choice but to

agree to indemnify the oil company, lest they risk losing the contract."  *Fontenot*, 95-1425 (La.

7/2/96); 676 So. 2d 557, 563.

> Two provisions of the LOAIA require the Court's attention, subsections (B) and (G).

The Court will address each in turn.  Subsection (B) states,

> Any provision contained in, collateral to, or affecting an agreement pertaining to a

> well for oil, gas, or water, or drilling for minerals which occur in solid, liquid,
> gaseous, or other state, is void and unenforceable to the extent that it purports to or
> does provide for defense or indemnity, or either, to the indemnitee against loss or
> liability for damages arising out of or resulting from death or bodily injury to persons,
> which is caused by or results from the sole or concurrent negligence or fault (strict
> liability) of the indemnitee, or an agent, employee, or an independent contractor who
> is directly responsible to the indemnitee. La. Rev. Stat. § 9:2780.

Based upon the plain language and interpretation of this language by the Louisiana Supreme

Court, subsection (B) only applies to agreements for defense or indemnity arising out of personal

injuries caused by negligence or fault of the indemnitee.  *See Fontenot*, 95-1425 (La. 7/2/96);

676 So. 2d 557, 563.  Subsection (B) does not void Illinois' waiver since the Illinois policy,

"does not require indemnification or the shifting of liability from the tortfeasor to another party.

Rather, the waiver of subrogation clause only prohibits [Illinois] from asserting any claims it

may have for reimbursement of monies paid in compensation benefits."  *See id.*

Turning now to subsection (G), the relevant language states, "[a]ny provision in any

agreement arising out of the operations, services, or activities listed in Subsection C of this

Section of the Louisiana Revised Statutes of 1950 which requires waivers of subrogation...which

would frustrate or circumvent the prohibitions of this Section, shall be null and void and of no

force and effect."  *Id.*  With regard to whether subsection (G) voids the waiver of subrogation in

an insurance policy, the Louisiana Supreme Court holds that "voiding a waiver of subrogation

clause only achieves the purpose of the Anti-Indemnity Act when such a clause is sought to be

enforced in *conjunction* with the enforcement of an indemnification clause."  *Fontenot*, 95-1425;

676 So. 2d at 565 (emphasis added); *accord Hudson*, 372 F.3d at 747.  Here, as in *Fontenot*,

*Hudson*, and their progeny, the parties are not relying upon the indemnification clause in the

MSA, only the waiver clause in the Illinois insurance policy; thus, the waiver of subrogation

-8-

does not violate the LOAIA and is enforceable.  *See Fontenot*, 95-1425; 676 So. 2d at 564-67; *Hudson*, 372 F.3d at 745-47; *Morgan v. Hercules Drilling Co., LLC*, 2011 WL 3739053, at *7-8 (W.D. La. Aug. 22, 2011); *Guidry v. Chevron U.S.A., Inc.*, 2011 WL 3584353, at *5-8 (W.D. La. Aug. 8, 2011).

Illinois argues that this body of case law is distinguishable because ATP sought to enforce the indemnification clause in the MSA by sending a demand letter requesting Baker and its insurers to defend, indemnify, and provide coverage.  However, as noted by ATP, in *Hudson* the Fifth Circuit encountered an analogous argument and held that the LOAIA did not operate to void the waiver of subrogation.  *See Hudson*, 372 F.3d at 745, 746-47 (finding subsection (G) of the LOAIA did not void waiver where defendant platform owner defended the suit on its own after non-party employer refused to provide a defense and platform owner had not sought any defense costs from employer in defending the suit).  Thus, the Court, following *Hudson*, likewise declines to void the waiver on this basis.

## D.      Rights Under the LHWCA

Illinois also argues that even if the Court finds its waiver of subrogation enforceable, dismissal is inappropriate because it possesses independent rights under the LHWCA, particularly, written consent for settlement and right of credit for a net amount received by the employee in a third-party action.  ATP does not address this argument in its briefing.  The Court agrees with Illinois that, despite its enforceable waiver of subrogation, Illinois maintains certain rights under the LHWCA to which it is entitled to pursue through intervention.  *See Jackson v. Land & Offshore Servs., Inc.*, 855 F.2d 244, 246 (5th Cir. 1988); *Petroleum Helicopters, Inc. v. Collier*, 784 F.2d 644, 645-46 (5th Cir. 1986); *Foret v. Transocean Offshore (USA), Inc.*, 2011

WL 4443527, at *2 (E.D. La. Sept. 23, 2011).

**IV.      CONCLUSION**

For the foregoing reasons, IT IS ORDERED that ATP and Plaintiff's motions for summary judgment (R. Docs. 25, 26) are GRANTED IN PART insofar as Illinois' claims for subrogation rights and DENIED IN PART insofar as Illinois' independent rights under the LHWCA.

New Orleans, Louisiana this 22nd day of November 2011.

_____
U.S. District Judge